*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6953-GHK (JCx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | *Stephanie Himonidis, et al. v. Spanish Broadcasting System of California, Inc., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**   (In Chambers) AMENDED Order to Show Cause

On September 15, 2016, Plaintiffs Stephanie Himonidis and Gerardo Lopez filed this action against Defendants Spanish Broadcasting System of California, Inc. ("SBS") and Does 1-10. (Dkt. 1.) Plaintiffs claim that we have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, the diversity jurisdiction statute. (*Id.*) As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

"Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332(a). In order to show complete diversity, a plaintiff must establish that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). Here, the amount-in-controversy requirement appears to be satisfied, as Plaintiffs request at least $3,000,000 in general and special damages. (*See* Compl., Prayer for Relief ¶ 3.) However, the Complaint fails to set forth facts sufficient to establish complete diversity of citizenship.

The Complaint states that Plaintiffs are residents of California and that SBS is a "Delaware corporation authorized to conduct and conducting substantial business in the County of Los Angeles, State of California." (Compl. ¶¶ 5-7.) Plaintiffs also allege that SBS "is a citizen of the State of Florida or other non-California state." (*Id.* ¶ 2.) Plaintiffs have insufficiently alleged their and SBS's citizenship.

First, Plaintiffs have not properly alleged their citizenship because a person's residency does not determine citizenship for diversity jurisdiction purposes. A person is a citizen of the state of domicile, i.e., where the person "resides with the intention to remain or to which [he or] she intends to return."

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-6953-GHK (JCx) | Date | October 11, 2016 |
|---|---|---|---|
| Title | *Stephanie Himonidis, et al. v. Spanish Broadcasting System of California, Inc., et al.* | | |

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Because allegations concerning residency are insufficient to establish citizenship, Plaintiffs have not met their burden of establishing their citizenship.

Second, Plaintiffs have not properly alleged SBS's citizenship. A corporation, like SBS, is a citizen "of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* 28 U.S.C. § 1332(c)(1). While Plaintiffs allege that SBS is incorporated in Delaware, it is not clear where SBS has its principal place of business. The allegation that SBS is a "citizen of the State of Florida" says nothing about whether Florida is SBS's principal place of business. Without alleging both SBS's state of incorporation and principal place of business, SBS's citizenship is not apparent from the Complaint.

Because Plaintiffs have failed to allege both their and SBS's citizenship, we are unable to determine whether the Parties are completely diverse for purposes of § 1332. Therefore, no basis for subject matter jurisdiction is evident from Plaintiffs' Complaint. The party asserting jurisdiction bears the burden of establishing such jurisdiction. *Kokkonen*, 511 U.S. at 377. Accordingly, Plaintiffs are **ORDERED** to show cause, in writing, within **fourteen days hereof**, why this matter should not be dismissed for lack of federal subject matter jurisdiction. Plaintiffs' failure to timely and adequately show cause as required herein shall be deemed Plaintiffs' admission that this Court lacks subject matter jurisdiction. In that event, this action shall be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                                                                                    :

Initials of Deputy Clerk       PS